UNITED STATES DISTRICT COURT
for the
Middle District of North Carolina

Case No. 1:23CV1056

| | |
|---|---|
| Bashirah McDaniel,<br>IMJ, a minor,<br><br>Plaintiffs,<br><br>vs.<br><br>Durham County Department of Social<br>Services, Ben Rose, Maggie Cvitican,<br>Shekinah Taylor, Scottie Martin<br>Breanna Dearring, Deondra Cato,<br>Gabrielle Ware, Karen Graves,<br>Kashondra Buckner, Rex Hospital, Ernie Bovio<br>Aurora Gaines, Justin Getings, Wake County<br>Department of Social Services,<br>Antonia Pedroza, Michael Reese | **COMPLAINT**<br>**JURY TRIAL REQUESTED** |

**CLAIM 1** Violation of American with Disabilities Act & Rehabilitation Act
**CLAIM 2** Judicial Deception
**CLAIM 3** Statutory timeframe violated

### The Parties to This Complaint

A. The Plaintiff(s)

   **Name** Bashirah McDaniel, IMJ, a minor
   **Street Address** 300 Bear Creek Path
   **City and County** Morrisville/ Durham
   **State and Zip Code** NC  27560
   **Telephone Number** 9842726422
   **E-mail Address** BashirahMcdaniel7@gmail.com

B. The Defendant(s)

1

**Defendant No. 1**
**Name:** UNC Rex Hospital, Ernie Bovio
**Job or Title** *(if known)* President of Rex Hospital
**Street Address** 4430 Lake Boone Trail
**City and County** Raleigh/ Wake
**State and Zip Code** NC 27607
Telephone Number 9197841615

E-mail Address *(if known*

**Defendant No. 2**
**Name** Aurora Gaines
**Job or Title** *(if known)* Rex Hospital employee (nurse)
**Street Address** 4420 Lake Boone Trail
**City and County** Raleigh/ Wake County
**State and Zip Code** NC 27607
**Telephone Number** 9197841615
E-mail Address *(if known)*

**Defendant No. 3**
**Name** Justin Gettings
**Job or Title** *(if known)* Doctor employed at REX hospital emergency department
**Street Address** 4430 Lake Boone Trail
**City and County** Raleigh/ Wake
**State and Zip Code** NC 27607
Telephone Number
E-mail Address *(if known)*

**Defendant No. 4**
**Name** Ben Rose and Maggie Cvitican, Directors of Durham DSS
**Job or Title** *(if known)* Durham DSS Director

2

**Street Address** 414 E. Main st
**City and County** Durham
**State and Zip Code** NC 27701
**Telephone Number** 9847101808
E-mail Address *(if known)*

**Defendant No. 5**
**Name** Shekinah Taylor
**Job or Title** *(if known)* Social worker for Durham DSS
**Street Address** 414 E Main Street
**City and County** Durham
**State and Zip Code** NC 27701
Telephone Number
**E-mail Address** *(if known)* shtaylor@dconc.gov

**Defendant No. 6**
**Name** Breanna Dearring
**Job or Title** *(if known)* Durham DSS employee
**Street Address** 414 E Main Street
**City and County** Durham County
**State and Zip Code** NC 27701
**Telephone Number** 9192010425
**E-mail Address** *(if known)* Jdearing@dconc.gov

**Defendant No. 7**
**Name** Karen Graves
**Job or Title** *(if known)* DSS employee (supervisor)
**Street Address** 414 E Main St
**City and County** Durham County
**State and Zip Code** NC 27701
**Telephone Number** 9192010425

3

E-mail Address *(if known)* kgraves@dconc.gov

**Defendant No. 8**
**Name** Kashondra Buckner
**Job or Title** *(if known)* Durham DSS employee
**Street Address** 414 E Main Street
**City and County** Durham
**State and Zip Code** NC 27701
**Telephone Number**
**E-mail Address** *(if known)*

**Defendant No. 9**
**Name** Scottie Martin
**Job or Title** *(if known)* Durham DSS employee
**Street Address** 414 E Main Street
**City and County** Durham
**State and Zip Code** NC 27701
**Telephone Number**
**E-mail Address** *(if known)*

**Defendant No. 10**
Name Deondra Cato
Job or Title *(if known)* Durham Social worker
Street Address 414 E. Main st
City and County Durham
State and Zip Code NC 27701
Telephone Number 9847101808
E-mail Address *(if known)*

4

**Defendant No. 11**
**Name** Wake County Department of Social Services, Antonia Pedroza
**Job or Title** *(if known)* Deputy Director Wake County
**Street Address** 220 Swinburne St
**City and County** Raleigh/ Wake
**State and Zip Code** NC 27610
Telephone Number
E-mail Address *(if known)*

**Defendant No. 12**
**Name** Michael Reese
**Job or Title** *(if known)* Wake County social worker
Street Address
City and County Durham
State and Zip Code NC 27701
Telephone Number
E-mail Address *(if known)*

## Basis for Jurisdiction

1. The Court has jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 28 U.S.C. § 1343(a)(3) to determine the Plaintiffs' claims of disability discrimination under the provisions of 29 U.S.C. § 794a and 42 U.S.C. § 5000e-5(f)(3) (The Rehabilitation Act of 1973) and the Plaintiffs' claims of disability discrimination under the provisions of 42 U.S.C. § 12133 (The Americans with Disabilities Act of 1990, Title II.) The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to determine the Plaintiffs' claims under North Carolina law.

2. Venue in this District is proper pursuant to 28 U.S.C. § 1391 in that all Defendants reside in the same State and a substantial part of the events giving rise to the Plaintiffs

claims occurred in this District.

## Statement of Claim

## CLAIM ONE

Ms. McDaniel faced discrimination as a result of her disability.

3. The ADA establishes a "clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). In enacting the ADA, Congress intended to protect individuals with disabilities from discrimination as it had previously done with other protected classes such as race, color, sex, national origin, religion, and age. 42 U.S.C. § 12101(a)(4). Accordingly, the ADA is "sweeping" in scope and the U.S. Supreme Court has explained, requires that it is applicable to virtually all functions of state and local governments, including "in situations not expressly anticipated by Congress." Pennsylvania Dep't of Corr. v. Yeskey, 524, U.S. 206, 212 (1998). The Rehabilitation Act of 1973 (Section 504) and Title II of the Americans with Disabilities Act (ADA) protect parents and prospective parents with disabilities from unlawful discrimination in the administration of child welfare programs, activities, and services.

4. Ms. McDaniel has a civil right to parent her children, and her disability should not have been the basis to separate her from her child. "The goal of the ADA and Section 504 as it applies to parents and prospective parents is to ensure equitable access to parenting opportunities. Also, these Civil Rights laws recognize that separation of parents from

their children can result in long-term negative outcomes."[1]

5. Bashirah McDaniel is the mother of I.M.J., a minor child born in ▮▮▮▮. On December 5, 2021, Ms. McDaniel went to the emergency room at Rex Hospital (Wake County, NC) due to experiencing mental health symptoms after being unable to sleep peacefully for several days. Ms. McDaniel brought the minor child, I.M.J. to the hospital with her and breastfed and cared for I.M.J. while waiting for medical assistance.

6. Ms. McDaniel has been diagnosed with bipolar disorder, which is a disability, protected by the American with Disabilities Act. Ms. McDaniel went to Rex Hospital seeking help, but instead agents of Rex hospital (Dr. Justin Gettings, Aurora Gaines, nurse) misjudged symptoms of a protected disability as concerns for the neglect of I.M.J. prompting a report to be made to Durham County Department of Social Services. These concerns for neglect were not communicated to Ms. McDaniel who had already coordinated with her family to come to the hospital to pick I.M.J up. Due to Rex Hospital being in Wake County, Wake County Department of Social Services After Hours Social Worker, Michael Reese, initially responded to the Rex Hospital and interviewed Ms. McDaniel. Even though medical records show that Ms. McDaniel was alert and actively making child care arrangements for I.M.J. Dr. Justin Gettings reported to DSS that Ms. McDaniel was not able to make a plan for I.M.J, even though Ms. McDaniel's sister had arrived at Rex Hospital, after communicating with Durham County DSS that she was in route to pick I.M.J up to care for her while Ms. McDaniel was in the hospital.

7. At no time was I.M.J neglected and the court ultimately agreed that I.M.J was not neglected on December 5, 2021, yet agents of Durham County Department of Social

---

[1] https://wapave.org/parents-with-disabilities-have-rights/#:~:text=35%20states%20include%20disability%20as,best%20interest%20of%20the%20child.

Services (Scottie Martin, Social Worker Kashondra Buckner, Social Worker Karen Graves, Supervisor Ben Rose, Director of Durham DSS) forcibly removed I.M.J. from Ms. McDaniel's care, without a court order, while Ms. McDaniel was still in the emergency room of Rex Hospital. Ms. McDaniel was not informed of I.M.J whereabouts for over 24 hours causing her severe distress. I.M.J was placed in a foster home as Durham DSS failed to make efforts to keep I.M.J with family.

8. Durham County DSS continued to deprive Ms. McDaniel of I.M.J. until September 29, 2023, when custody was finally returned. The 663 days Ms. McDaniel and I.M.J were separated were torture on both Ms. McDaniel and I.M.J. Having her baby forced into foster care for seeking out mental health services left Ms. McDaniel distraught and devastated to say the least. Up until I.M.J was removed, Ms. McDaniel cared for her every day and was her sole caretaker. Ms. McDaniel has missed so many precious moments, like I.M.J's first steps and first words which Ms. McDaniel can never get back. Ms. McDaniel also has an older child that was never taken into custody and I.M.J. separation from her sister has caused trauma on both children.

9. The initial decision to remove I.M.J was discriminatory and the continuation of I.M.J in the custody of Durham County DSS over the course of the next 21 months was also discriminatory based on prejudice against Ms. McDaniel based on DSS's stereotypes about people with mental health disabilities, especially bipolar disorder. There were also no s Ms. McDaniel went to the hospital to address her mental health, but was railroaded by systems that report to help people. After Ms. McDaniel was released from the hospital, her mental health provider reported that she was more than likely experiencing symptoms of a panic attack and praised Ms. McDaniel for seeking help. Even though a mental health professional reported no concerns for Ms. McDaniel's mental health

impacting her ability to safely care for I.M.J, Durham County DSS continued to recommend I.M.J stay in custody. At each interaction with DSS, agents focused on Ms. McDaniel's diagnosis of Bipolar instead of the safety of I.M.J. It was as if DSS agents were under the belief the mere diagnosis of bipolar makes one an unfit parent. Durham DSS agents (Shekinah Taylor, Social worker Breanna Dearing, Social Worker, Deondra Cato, Social Worker Gabrielle Ware, Supervisor) continued to recommend I.M.J stay in foster care due to the false narrative created about Ms. McDaniel's mental health.

10. DSS made no reasonable accommodations for Ms. McDaniel, despite the affirmative obligation to do so under the ADA. The Court also did not address Ms. McDaniel's arguments about the ADA. The hospital and its agencies also violated Ms. McDaniel's civil rights and rights under the ADA.

11. These wrongful acts violated the American with Disabilities Act and Rehabilitation Act. Ms. McDaniel reserves the right to amend this complaint as further facts become available. As a direct and proximate consequence of the aforementioned conduct, plaintiffs have suffered and will continue to suffer damages, including but not limited to economic injury, physical and mental anxiety, anguish and emotional distress according to proof at trial. In doing the things alleged above, the defendants acted intentionally and/ or with a conscious disregard for plaintiffs constitutional rights. As a result of the intentional and willful conduct of the defendants, the knowing and wanted plaintiffs are entitled to recover punitive damages against these individual defendants in an amount according to proof at trial.

## CLAIM TWO
(Judicial Deception)

12. The Plaintiffs repeat and reallege each and every allegation contained above in this

9

Complaint as if they were fully set forth herein in their entirety. Shekinah Taylor fabricated and submitted into evidence an entire report stating she met with I.M.J.'s oldest sibling, which she never did. However this information was used as a fact to adjudicate I.M.J dependent. Shekinah Taylor made a false report to stay consistent with the false narrative that Ms. McDaniel's mental health impacted her ability to parent even though Ms. McDaniel has always had custody of both of her children.

## CLAIM THREE
(Unnecessary excessive duration of states custody)

13. The Plaintiffs repeat and reallege each and every allegation contained above in this Complaint as if they were fully set forth herein in their entirety. At the time of Dispositional hearing, I.M.J. had been in foster care for an elongated period of time that fell outside of the intended statutory time frame set forth with the intention of expediting permanence for children.

## Relief

Ms. McDaniel seeks compensatory damages, punitive damages, injunction, declaratory relief, trial by jury, reasonable attorney fees, and reserve all equitable remedies.

## Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have

10

evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12-4-23

Signature of Plaintiff: *Boshm Mc Daniel*

Printed Name of Plaintiff : Bashirah McDaniel